**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4170**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROOSEVELT CURRY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:22-cr-00522-BHH-2)

———————

Submitted: May 22, 2025                          Decided: May 27, 2025

———————

Before KING, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinon.

———————

**ON BRIEF:** Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Brook B. Andrews, Acting United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Roosevelt Curry of knowingly sponsoring and exhibiting an animal in an animal fighting venture, in violation of 7 U.S.C. § 2156(a); 18 U.S.C. § 49(a). "[T]he term 'animal fighting venture' means any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(f)(1). On appeal, Curry argues that the evidence was insufficient to support the jury's guilty verdict because the evidence connecting the "animal fighting venture" to interstate commerce was almost exclusively tied to his codefendants, not to him. We affirm.

Because Curry preserved this argument by moving for a judgment of acquittal under Fed. R. Crim. P. 29,[*] "[w]e review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his conviction "bears a heavy burden, and reversal

---

[*] Curry also argues, for the first time on appeal, that the Government failed to prove his knowledge of "facts that made this event more than a 'wholly intrastate activity.'" The Government correctly asserts that Curry has forfeited this argument by failing to raise this specific ground in his Rule 29 motion. *See United States v. Chong Lam*, 677 F.3d 190, 200 (4th Cir. 2012).

2

is warranted only where the prosecution's failure is clear." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted).

The trial evidence established that Curry participated in a cockfighting derby in South Carolina.

> [A] cockfighting derby [is] a series of fights between roosters, in which the owner of the rooster with the most victories in a series of fights wins a monetary "purse," which is [composed] of the derby participants' entry fees minus the amount retained by the derby organizers. Before the fights, the roosters are equipped with a . . . sharp instrument that is affixed to the roosters' legs.

*United States v. Gibert*, 677 F.3d 613, 617 (4th Cir. 2012). A fight ends when a rooster refuses to continue fighting or dies. The jury heard testimony from Curry's codefendants and from law enforcement officers that a significant amount of the paraphernalia used for the derby—including, inter alia, hacksaw blades, moleskin padding, and performance-enhancing veterinary supplements for the roosters—had been manufactured outside of South Carolina. The derby's host also testified that he purchased a raffle prize—a rooster transport box—from a company in North Carolina.

Curry asserts that the Government failed to prove the "animal fighting venture" element because the interstate commerce nexus was lacking. He contends that most of the Government's evidence of an interstate nexus was tied to codefendants, rather than to him specifically, and that he cannot be held responsible for his codefendants' actions because

3

the jury acquitted him of a related conspiracy charge. But Curry's focus on his own personal engagement in interstate commerce is misplaced, as the Government was required to prove that the *event* "had a connection with or effect on interstate or foreign commerce," *Gibert*, 677 F.3d at 626, and is not required to prove that the defendant knew of this effect, *id.* at 629.

The Government's burden of establishing an interstate nexus is not onerous. *See, e.g., United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003) (holding that, in context of Hobbs Act robbery, only "minimal effect on commerce" is required). In light of the substantial evidence adduced by the Government, Curry fails to satisfy his "heavy burden" of establishing that the evidence was insufficient to sustain his conviction. *See Wysinger*, 64 F.4th at 211. We therefore affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4